IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-02677 |
| | § | |
| PROTECT CONTROLS, INC. | § | |
| FLEXIBLE ACCOUNT PLAN; | § | |
| JOSEPH GALAGAZA; | § | |
| JACKSON LEWIS LLP; | § | |
| JACKSON LEWIS P.C.; and | § | |
| PROTECT CONTROLS, INC., | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Erik Davis, who proceeds *pro se*, brought suit in the 151st Judicial District Court of Harris County, Texas, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and other claims. On September 5, 2017, Defendants removed the suit from the 151st Judicial District Court of Harris County, Texas. Notice of Removal [Doc. # 1]. The Court held a pre-trial conference on December 4, 2017. Hearing Minutes and Order [Doc. # 24]; Transcript [Doc. # 38].

After the conference, as instructed by the Court, Defendants filed their Motion for More Definite Statement [Doc. # 27]. Plaintiff filed a Response [Doc. # 28],

among other filings.[1]  On February 23, 2018, Defendants Joseph Galagaza and Jackson Lewis P.C. filed an "Opposed Motion to Strike Plaintiff's Filings or, in the Alternative, to Extend Deadlines, and Request for Status Conference" [Doc. # 40]. Defendants move to strike portions of the Response, in addition to multiple other post-conference filings from Plaintiff.  The Court addresses Plaintiff's filings in turn.

**Plaintiff's Response**.— Plaintiff's Response [Doc. # 28] provides answers to each of Defendants' multi-part questions.[2]  Defendants request that the Court strike pages 1-6 of the Response.

The Court declines to strike specific portions of the Response.  Defendants previously have indicated their intention to file dispositive motions based on *res judicata* and other grounds.  Portions of Plaintiff's Response specifically address

---

[1] *See* "Plaintiff[']s Motion for Judgment on the Pleadings, Plaintiff[']s Motion for a More Definite Statement and Plaintiff[']s Motion to Strike" [Doc. # 29]; Plaintiff's "Motion for Leave for 90 Day Extension for Service of Citation with Plaintiff[']s First Amended Petition" [Doc. # 30]; "Plaintiff[']s Motion for Judgment on the Pleadings, Plaintiff[']s Motion for a More Definite Statement and Plaintiff[']s Motion to Strike" [Doc. # 31]; a second Response [Doc. # 32] to Defendant's request for a more definite statement; Plaintiff's proposed "Joint Discovery and Case Management Plan" [Doc. # 33]; Plaintiff's "Motion for Leave to File Plaintiff's First Amended Petition" [Doc. # 34];  Plaintiff's "Proposed Joint Discovery and Notice of Request for Production of Documentation" [Doc. # 35]; Plaintiff's Affidavit [Doc. # 36].

[2] Plaintiff also filed a second Response [Doc. # 32] that appears to be identical to the Response.  Plaintiff has not notified the Court of any difference between the documents or a basis for a supplemental filing.  This filing is **stricken** from the Court's record as duplicative.

matters responsive to Defendants' questions. As stated at the conference, Plaintiff's responses are deemed part of the pleadings for purposes of dispositive motions. Transcript [Doc. # 38], at 40.

The Court previously stated that dispositive motions would be permitted within thirty days of Plaintiff's last response. *Id*. at 45. Given the multiple filings by Plaintiff in the last thirty days, as well as the time that elapsed while the Court entertained Defendants' current motion, the Court now orders that Defendants' dispositive motions may be filed **on or before April 6, 2018**.

**Plaintiff's Motion for Judgment**.— Plaintiff has filed "Plaintiff[']s Motion for Judgment on the Pleadings, Plaintiff[']s Motion for a More Definite Statement and Plaintiff[']s Motion to Strike" [Doc. # 29].[3]

Rule 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The legal standards governing a motion under Rule 12(c) are the same as those governing a motion under Rule 12(b)(6). *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any

---

[3] Four days later, Plaintiff filed a second motion [Doc. # 31] that appears to be identical; this filing is **stricken** from the Court's record as duplicative.

judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotation marks omitted). Because Plaintiff's Motion does not address Rule 12(c) and fails to make a showing that no material facts are in dispute, the motion for judgment on the pleadings is **denied**.

Plaintiff's Motion also seeks a more definite statement from Defendants. This request is **denied without prejudice**. If warranted at a later stage of the proceedings, the Court will revisit the issue on its own initiative.

Finally, Plaintiff's Motion requests the Court to strike numerous filings on the docket, including the Notice of Removal [Doc. # 1] and the order for an initial pretrial conference [Doc. # 2]. Because Plaintiff has not demonstrated under Federal Rule of Civil Procedure 12(f) that these filings are redundant, immaterial, impertinent, or scandalous, his request is **denied**.

**Additional Service of Process**.— Plaintiff filed a "Motion for Leave for 90 Day Extension for Service of Citation with Plaintiff[']s First Amended Petition" [Doc. # 30], seeking a ninety day extension for service of process. He further requests permission to serve Jackson Lewis LLP, Jackson Lewis, P.C., John Sekamude, Protect Controls, Inc., and "Protect Controls, Inc. Flexible Spending Account Plan" by service on the Texas Secretary of State or by the United States Marshal.

Protect Controls, Inc. has appeared in this lawsuit. Jackson Lewis LLP is the former name of Jackson Lewis, P.C., and counsel for Jackson Lewis, P.C., has appeared for both entities. No additional service of process on these parties is necessary.

As Plaintiff states in his motion, he has been informed by Defendants' counsel that "Protect Controls, Inc. Flexible Spending Account Plan" is not an individual or entity that may be sued. Plaintiff has presented no evidence to the contrary and has made no showing that service on "Protect Controls, Inc. Flexible Spending Account Plan" is possible or necessary.

Regarding John Sekamude, Plaintiff's prior attorney, the parties informed the Court at the conference that Sekamude has left the United States and that Plaintiff obtained a default judgment against Sekamude for approximately $1,500,000. Plaintiff apparently sued Sekamude for malpractice after Sekamude kept settlement funds intended for Plaintiff, and Sekamude did not appear to defend against the malpractice suit. Plaintiff's amended pleadings state that Sekumade "owes Plaintiff over 2 million dollars for his overt acts or overt act in reference to the conspiracy for which all the defendants should be held liable." *See* Doc. # 18, at 5.

The Court has no documentation of a default judgment against Sekamude and, on this record, the basis for this Court's jurisdiction over an attempt to collect any

such judgment is not apparent.  Moreover, Plaintiff has not provided an address for Sekumade.  The Court therefore declines to order service by the United States Marshal.  To the extent Plaintiff seeks the Court's assistance in making service on the Texas Secretary of State, Plaintiff provides no authority for such action by the Court and the request is denied.

**Plaintiff's Motion for Leave to Amend**.— Plaintiff has filed a "Motion for Leave to File Plaintiff's First Amended Petition" [Doc. # 34] relying on Federal Rule of Civil Procedure 15.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  *See Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016).  A court must have a "substantial reason" to deny a request for leave to amend.  *Stem*, 813 F.3d at 215.  Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted).  A district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'"  *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88

F.3d 311, 315 (5th Cir. 1996)).

The Court previously granted Plaintiff leave to amend his pleadings, *see* Hearing Minutes and Order [Doc. # 24], and explained at the time that no further amendments would be permitted. Transcript, at 38. Plaintiff's current motion does not explain which claims he seeks to add or amend, but merely states, "Plaintiff requests leave to file his amended petition in good faith so that this case is judged on the merits and to hold wrongdoers liable." Motion [Doc. # 34], at 5. Plaintiff does not explain how his proposed amended pleadings would further his stated goal. The Court carefully has examined his filings and the proposed amendment and, in its discretion, finds that granting leave to file the proposed amendment would not further the interests of justice in this case. Plaintiff's motion for leave to amend is **denied**.

**Plaintiff's Discovery Filings.**— Plaintiff has filed an additional proposed "Joint Discovery and Case Management Plan" [Doc. # 33]. Plaintiff previously filed a Plan [Doc. # 23] on November 29, 2017. *See also* Defendants' Plan [Doc. # 21]. Because Plaintiff did not seek leave to file the additional Plan and does not explain why an amended plan is necessary, this document is **stricken** from the Court's docket as duplicative.

Plaintiff also filed a "Proposed Joint Discovery and Notice of Request for Production of Documentation" [Doc. # 35]. Because the Court stated at the

conference on December 4, 2017, that no discovery is permitted at this stage of the litigation, *see* Transcript [Doc. # 38], at 45-46, this document is **stricken** from the Court's record.

## **CONCLUSION AND ORDER**

For all of the foregoing reasons, it is hereby

**ORDERED** that Defendants' "Opposed Motion to Strike Plaintiff's Filings or, in the Alternative, to Extend Deadlines, and Request for Status Conference" [Doc. # 40] is **GRANTED in part and DENIED in part** as stated herein. It is further

**ORDERED** that "Plaintiff[']s Motion for Judgment on the Pleadings, Plaintiff[']s Motion for a More Definite Statement and Plaintiff[']s Motion to Strike" [Doc. # 29] is **DENIED**. It is further

**ORDERED** that Plaintiff's "Motion for Leave for 90 Day Extension for Service of Citation with Plaintiff[']s First Amended Petition" [Doc. # 30] is **DENIED**. It is further

**ORDERED** that Docket Entries No. 31 and 32 are duplicative and are **STRICKEN** from the Court's record. It is further

**ORDERED** that Plaintiff's "Motion for Leave to File Plaintiff's First Amended Petition" [Doc. # 34] is **DENIED**. It is further

**ORDERED** that Plaintiff's proposed "Joint Discovery and Case Management

Plan" [Doc. # 33] and Plaintiff's "Proposed Joint Discovery and Notice of Request for Production of Documentation" [Doc. # 35] are **STRICKEN** from the Court's record. It is finally

**ORDERED** that Defendants must file their dispositive motion(s) **on or before April 6, 2018**.

SIGNED at Houston, Texas, this **7th** day of **March, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE