IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-02677 |
| | § | |
| PROTECT CONTROLS, INC. | § | |
| FLEXIBLE ACCOUNT PLAN; | § | |
| JOSEPH GALAGAZA; | § | |
| JACKSON LEWIS LLP; | § | |
| JACKSON LEWIS P.C.; and | § | |
| PROTECT CONTROLS, INC., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Erik Davis, who proceeds *pro se*, brings this suit alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), and other claims. On March 6, 2018, Defendants Joseph Galagaza and Jackson Lewis, P.C., filed a Motion for Summary Judgment [Doc. # 42] ("Motion"), to which Plaintiff filed a Response [Doc. # 47]. On April 5, 2018, Defendant Protect Controls Inc. ("PCI") filed a Motion for Summary Judgment [Doc. # 46] ("PCI Motion") adopting and incorporating the prior Motion. Having considered the filings, the applicable legal authorities, and all matters of record, the Court concludes that the Motions should be **GRANTED** and Plaintiff's claims should be **dismissed with**

**prejudice** because they are barred by res judicata.

I.   **BACKGROUND**

Plaintiff brings this suit against the following eight Defendants: Joseph Galagaza; Jackson Lewis LLP; Jackson Lewis, P.C.; PCI; "Protect Controls Inc. Flexible Account Plan"; Don Davis; Walter Davis; and John Sekumade. The history of Plaintiff's prior litigation with Defendants is detailed and documented in the Motion and its exhibits.

In summary, in 2009, Plaintiff brought a race discrimination suit against PCI. Plaintiff was represented by John Sekumade. PCI was represented by Galagaza and Jackson Lewis, P.C., Defendants in the case at bar. The parties settled their dispute and PCI provided settlement funds to Sekumade, who then filed a stipulation of dismissal with prejudice. Motion, at 2; *id*. at Exhibit B & C (state court records).[1]

In 2011, Plaintiff filed suit against Sekumade, seeking to recover the settlement funds from the 2009 suit. Sekumade did not appear and, in 2013, Plaintiff obtained a default judgment against him for over $1 million. Motion, at 2-3; *id*. at Exhibits D &

---

[1]   The Courts takes judicial notice of the public judicial records attached to the Motion. *See* FED. R. EVID. 201(b)(2) (a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 316 n.1 (5th Cir. 2014). Defendants also supply an affidavit from William Stukenberg, counsel for Galagaza and Jackson Lewis, P.C., authenticating certain state court records based on his personal knowledge. *See* Exhibit A to Motion.

E.

In 2014, Plaintiff filed suit against Galagaza, Jackson Lewis, P.C., and PCI in the 151st Judicial District Court of Harris County, Cause No. 2014-66506 ("*Davis I*"), alleging misrepresentation and concealment of monies in connection with settlement of the 2009 suit. Among other things, Plaintiff claimed that he had not signed the settlement agreement, and that Defendants had "concealed" a benefits check that was part of a flexible spending account or ERISA plan. Motion, at 3; *id*. at Exhibits A-1 through A-9. After full discovery on the merits, the district court granted summary judgment for Defendants and dismissed Plaintiff's claims with prejudice. *Id*. at Exhibit A-6. On April 18, 2017, the Fourteenth Court of Appeals affirmed. *Id*. at Exhibit A-8.

On July 20, 2017, Plaintiff filed the case at bar in the 151st Judicial District Court of Harris County, Texas, Cause No. 2017-48122. Plaintiff again seeks monies he alleges Defendants owe him as part of a flexible spending plan or ERISA plan. Defendants Galagaza and Jackson Lewis, P.C., answered this suit in state court, and pleaded res judicata as an affirmative defense. *See* Doc. # 1-2, at 116-121 (Original Answer). Defendants then removed this case to this Court. Notice of Removal [Doc. # 1]. The Court held a pre-trial conference on December 4, 2017. Hearing Minutes and Order [Doc. # 24]; Transcript [Doc. # 38]. After the conference, as instructed by the Court, Defendants filed their Motion for More Definite Statement [Doc. # 27], and

Plaintiff filed a Response [Doc. # 28].

Of the eight defendants named by Plaintiff in this suit, three—Galagaza, Jackson Lewis, P.C., and PCI— currently seek summary judgment and dismissal of all claims against them. A fourth defendant, "Jackson Lewis LLP," is Defendant Jackson Lewis, P.C., by a former name. Counsel for Jackson Lewis, P.C. has appeared for both entities. *See* Memorandum and Order [Doc. # 43], at 5. The remaining four Defendants—"Protect Controls Inc. Flexible Account Plan," Don Davis, Walter Davis, and John Sekumade—have not been served with process and have not appeared in this lawsuit. Time for service has expired, *see* FED. R. CIV. P. 4(m), and this Court previously denied Plaintiff's motion for an extension of time. *See id.*[2]

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment

---

[2] In addition, this Court previously denied Plaintiff's request for service of process on "Protect Controls Inc. Flexible Account Plan" because Plaintiff had made no showing that service on such entity was possible or necessary. *Id*. Defendants maintain that "Protect Controls Inc. Flexible Account Plan" is not an entity capable of being sued.

"should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled in part on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does

not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

## III. ANALYSIS

### A. Res Judicata

Defendants Galagaza and Jackson Lewis, P.C., seek summary judgment on res judicata grounds, and Plaintiff has responded to the Motion.

Under Texas's doctrine of claim preclusion (res judicata), a final adjudication judgment on the merits bars further relitigation of the adjudicated claims by the parties or their privies. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013); *U.S. v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007).[3] Texas law requires a party relying on the affirmative defense of res judicata to prove three elements: "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

---

[3] Because *Davis I* was adjudicated in state court, this Court applies Texas' res judicata standards. *See Wills v. Arizon Structures Worldwide, L.L.C.*, 824 F.3d 541, 545 (5th Cir. 2016).

In this case, the first element is satisfied. *Davis I* yielded a final determination on the merits because the trial court granted summary judgment, which subsequently was upheld on appeal. These rulings were entered by courts of competent jurisdiction. *See id*.

The second element requires "identity of parties or those in privity with them." *Id*. "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Amstadt*, 919 S.W.2d at 653. Parties can be in privity if: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Id*. Courts examine "the circumstances of each case" to determine whether the parties are in privity. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). This requirement "exists to 'ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims.'" *E.E.O.C. v. Jefferson Dental Clinics, P.A.*, 478 F. 3d 690, 694 (5th Cir. 2007) (quoting *Amstadt*, 919 S.W.2d at 653).

In this case, all three defendants in *Davis I* (Galagaza, Jackson Lewis, P.C., and PCI) are also Defendants in this suit. For these Defendants, the second element is satisfied. Plaintiff also has named Jackson Lewis LLP, which is the former name of

Jackson Lewis, P.C., on whose behalf counsel for Jackson Lewis, P.C., has appeared. Jackson Lewis LLP and Jackson Lewis, P.C., clearly are in privity, and the interests of Jackson Lewis LLP were adequately represented by the parties to *Davis I*. *See Amstadt*, 919 S.W.2d at 653. The other four Defendants need not be considered because they have not been served with process and have not appeared in this suit.[4] The second element therefore is satisfied.

The third element requires that the second case be based on the same claims that were or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862. In this suit, as in *Davis I*, Plaintiff seeks monies he alleges Defendants owe him as part of a flexible spending plan or ERISA plan. *See*, *e.g.* Response, at 21-22 (arguing that Jackson Lewis and Galagaza should be held liable because of actions regarding the $151 benefit check and settlement payments directed to Sekumade). In fact, Plaintiff

---

[4] Even if the Court were to consider the interests of these Defendants, the Court is aware of no interest on their parts that was inadequately represented by the parties to *Davis I*, and Plaintiff has identified no such interest. *See Amstadt*, 919 S.W.2d at 653. "Protect Controls Inc. Flexible Account Plan" apparently is not an entity that can be sued but, nevertheless, is fully aligned with PCI. Sekumade, Plaintiff's counsel in the 2009 suit, has apparently has left the country, according to Plaintiff's representations to the Court. His interests in enforcing the settlement agreement appear to align with those of the *Davis I* defendants. The role of Don Davis and Walter Davis in the parties' dispute, if any, is not apparent from the pleadings. In any event, Plaintiff has not made service on these Defendants, and the time to do so has long expired *See* FED. R. CIV. P. 4(m). *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (district court did not err in allowing non-appearing defendants to benefit from appearing defendants' favorable summary judgment motion).

argues throughout his Response that *Davis I* was wrongly decided.[5] Because Plaintiff's claims clearly could have been raised in *Davis I*, this third element is satisfied. *See Joachim*, 315 S.W.3d at 862 (prior judgment "'precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit'" (quoting *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex. 1984))). *See also Comer*, 718 F.3d at 466 (principle of res judicata ensures that "controversies once decided shall remain in repose," and "does not depend upon whether or not the prior judgment was right" ) (internal citation and quotation marks omitted).

Finally, to the extent Plaintiff relies on allegedly fraudulent statements that Defendants' counsel made on December 4, 2017, during a conference before the undersigned, *see* Response, at 18-19, the record provides no support for an allegation of fraud. Moreover, any claim regarding fraudulent statements in 2017 is irrelevant to the three elements discussed above, *see Joachim*, 315 S.W.3d at 862, and would be insufficient to defeat the preclusive effect of *Davis I* .

---

[5] *See, e.g.*, Response, at 15 (arguing that genuine issues of material fact should have defeated summary judgment in *Davis I*); *id*. at 16 (arguing that the Fourteenth Court of Appeals erred when adjudicating Plaintiff's claims); *id*. at 19-20 (disputing arguments made by *Davis I* defendants during the prior litigation); *id*. at 20 (referring to discovery disputes in prior litigation); *id*. at 23 (arguing that Plaintiff's due process rights were violated during *Davis I*).

Because Defendants have satisfied all three elements, the Court holds that this action is barred by res judicata. Summary judgment is granted in favor of Galagaza and Jackson Lewis, P.C.

### B. PCI's Motion

Plaintiff has not yet responded to the PCI Motion on April 5, 2018. However, PCI merely adopts and incorporates its co-Defendants' Motion, urging dismissal based on res judicata. The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis*, 236 F.3d at 768. Moreover, because Plaintiff briefed res judicata at length in his Response [Doc. # 47] to the first Motion, he has had full notice and opportunity to be heard.

The Court grants summary judgment to PCI.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Summary Judgment [Doc. # 42] filed by Joseph Galagaza and Jackson Lewis, P.C., is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice** as barred by res judicata. It is further

**ORDERED** that the Motion for Summary Judgment [Doc. # 46] filed by PCI is **GRANTED**.

A separate final judgment will enter.

SIGNED at Houston, Texas, this **13th** day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE